## POWELL *v.* OULLAHAN.

WHERE a complaint for the possession of land avers defendants to be in possession, and the answer does not deny, but affirmatively shows it, then, even if the allegation of possession be not material, and therefore not requiring a denial, the fact of possession becomes a matter of admission or agreement between the parties, as an independent fact, not in issue by the pleadings, but affecting the whole case.

When it appears, from the whole conduct of a cause, that a particular fact is admitted between the parties, the jury have a right to draw the same conclusion as to that fact, as if it had been proved in evidence, and to draw such conclusion as to all the issues on the record.

APPEAL from the Fifth District.

*D. W. Perley,* for Appellant.

*Baine & Bouldin,* for Respondent.

1. The plaintiff below used no evidence whatever in support of his case, except reading his patent from the State to the land in controversy. To obviate his manifest defect of proof, he, in the argument, sought to use the statements in the plea or answer, in " confession and avoidance," to overthrow the denials in the plea or answer, putting in issue his affirmative allegations. This cannot be done. (*Kirk* v. *Norvill,* 1 Term, 129.) On the doctrine of evidence, when he used the answer he made the whole of it evidence, and thereby fully proved defendant's case. (See Chit. Pl. 6 Am. Ed. 241; Stephens on Pl.) The answer consists of two parts : 1. Denials of the complaint. 2. New matter of equitable relief in avoidance. (*Walker* v. *Sedgwick,* 8 Cal. ; *Arguello* v. *Edinger,* 10 Id. 160.)

2. Under the allegations of the complaint, it was necessary for plaintiff to prove a wrongful " entry," or a wrongful " holding over," and the "possession" of defendant at the institution of the suit. (*Taylor* v. *Brown,* 5 Cranch, 234.) It was not sufficient to prove an " entry " and a " possession," but both must have been shown wrongful. (5 Cal. 312.)

3. Plaintiff says he was not bound to prove our possession, because it is not denied. We say it is, substantially. But, if it were not, it was not necessary to deny it, for this is not a material allegation. A complaint would be sufficient without such allegation, and this is the test: could it be stricken out and leave the complaint " sufficient ?" (Stephens on Pl. 48, 49 ; Chit. Pl. Vol. 2, 11th Am. Ed. 878 ; Anthon's Precedents, 399, 400 ; Lilly's Entries, 202 ; Adams on Eject. Appendix, No. 12, 400 ; Pr. Act, Sec. 66.) Besides, the allegation is a conclusion of law. (5 Cal. 311.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to recover possession of one hundred and sixty acres of land lying in San Joaquin County. The plaintiff claims title from the State, under a patent issued in pursuance of the Act of April 28th, 1855, to provide for the sale of the swamp and overflowed lands. The complaint is verified in the usual form, and contains a full and explicit statement of the facts necessary to entitle the plaintiff to recover. On the trial the plaintiff produced and read in evidence his patent from the State and rested his case. The defendant then moved for a nonsuit on two grounds : 1. That no proof was made of the title of the State to the land in controversy. 2. That the defendant was not shown to have been in possession when the suit was commenced. The Court sustained the motion and rendered a judgment for costs against the plaintiff. The case comes up on an exception to the order of the Court granting the nonsuit.

Under the pleadings in this case, no evidence was necessary on either of the points specified in the motion as a ground of nonsuit. As to the first point, it is only necessary to say, that the title of the State is distinctly averred in the complaint, and is not denied in the answer. In relation to the second point, the complaint alleges that the defendant is in possession and excludes the plaintiff; and this allegation is not only not denied, but the answer shows affirmatively that he was in possession, claiming adversely to the plaintiff when the suit was commenced. But it is contended that this allegation is not material, and that a denial was, therefore, unnecessary. Admitting this to be true, we do not see how it relieves the defendant from the consequences of his own voluntary admission. He insists, however, that the admission was only intended as an introduction to certain new matter set up in defense of the action, and that it cannot be used to sustain an allegation of the complaint denied by the answer. The reply is, that no such use is proposed to be made of it. If the allegation is material, it is not denied, and must be taken as true. If it is not material, the admission is relied on as establishing an independent fact, not put in issue by the pleadings, affecting the whole case, but no special averment or denial. " When it appears, from the whole conduct of a cause, that a particular fact is admitted between the parties, the jury have the right to draw the same conclusion as to that fact, as if it had

been proved in evidence, and to draw such conclusion as to all the issues on the record." (1 Saund. Pl. and Ev. 59.) The fact in this case was averred in the complaint, and not denied but affirmatively shown to exist in the answer. Admitting that the averment is immaterial and did not require an answer, could it have been made to appear with more conclusive effect that the existence of this fact was to be regarded, not as the subject of controversy at the trial, but as a matter of admission and agreement between the parties?

Our conclusion is that the Court below erred in nonsuiting the plaintiff on the grounds stated in the motion of the defendant.

Judgment reversed and cause remanded.